# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JOSEPH CERVENY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>HEIN ELECTRIC SUPPLY, CO.,<br><br>    Defendant. | Case No.: 18-cv-870<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), Wis. Stat. §§ 103.02, 104.09, and 109.03, and Wis. Admin. Code §§ DWD 272.10, 272.11(1), 274.03, and 274.06.

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by Plaintiff pursuant to pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

3. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(a) and (c) because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district and the parties reside in this judicial district. Defendant regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## PARTIES

5. Plaintiff Joseph Cerveny is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

6. Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e)(1), in that Defendant permitted him to work for it in a variety of capacities, as well as Wis. Stats. §§ 103.001(5), 104.01(2), and 109.01(1r).

7. As required by 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party plaintiff in this action and the written consent form is attached hereto as Exhibit A.

8. Defendant Hein Electric Supplies, Inc. ("Hein") is a domestic corporation with its principal place of business located at 2030 South 116th Street, West Allis, WI 53227.

9. Hein is an "employer" as defined by 29 U.S.C. § 203(d), Wis. Stat. §§ 103.001(6), and 109.01(2) in that Hein permitted Plaintiff to work as a counter salesperson.

## FACTS

10. Hein is an independent distributor of electrical supplies, with nine service centers located throughout Southeast Wisconsin.

11. Upon information and belief, Hein employs over one hundred employees. Most of Hein's employees are employed in the central warehouse, located in West Allis. Hein's service centers also employ branch managers and counter salespersons, who provide direct service to customers at their assigned locations. Hein also employs a number of administrative employees in its central office.

12. At each of the service centers, the responsibilities of branch managers and counter salespersons are essentially similar.

13. At each of the service centers, the primary responsibilities of branch managers and counter salespersons include: assisting customers; entering customer orders into payment system; pulling customer orders from storage; and managing store inventory.

14. Some service centers are assigned only a single branch manager who is responsible for all sales activity at that location, while other service centers are assigned a branch manager as well as counter salespersons. Under such circumstances the branch manager acts, to a limited extent, as a supervisor over any counter salespersons. Both branch managers and sales persons are primarily supervised by a sales manager.

15. Branch managers and counter salespersons are often transferred between service centers and between the positions of branch manager and counter salesperson.

16. Both branch managers and counter salespersons are required to report to their assigned service centers Monday through Friday during regular business hours.

17. Regular business hours at the central service center in Brookfield are from 6:00 a.m. to 5:00 p.m. Regular business hours at all other service centers are 6:30 a.m. to 4:00 p.m. Hein does not record the actual hours worked by branch managers or counter salespersons.

18. Branch managers and counter salespersons are allowed one half hour lunch break each day. Branch managers who are the only employee at a given service center are allowed to close the store during their half hour lunch breaks. At all other times during the regular business hours of a given a service center, branch managers and counter salespersons are engaged to work.

19. While engaged to work, branch managers and counter sales persons are required to serve customers as needed. When not serving customers directly, branch managers and

3

customer sales persons are required perform a variety of tasks to ensure that inventory is properly maintained as well as other administrative tasks.

20. Branch managers and counter salespersons are compensated on a salary basis. Upon information and belief, both branch managers and counter salespersons' annual salaries generally range from $35,000 to $45,000.

21. Branch managers additionally receive as compensation a commission for sales at their service center. Beyond this commission, neither branch managers nor counter salespersons receive any additional regular compensation.

22. Although they are regularly required to work approximately five hours of overtime each week, branch managers and counter sales persons receive no additional compensation for any hours worked in excess of forty hours per week.

23. Additionally, branch managers and counter salespersons are required to attend regular company meetings after regular business hours for which they receive no additional compensation.

24. Plaintiff has a long history of employment with Hein. Plaintiff was initially hired by Hein sometime in the 1980, but left Hein after a few years to pursue other employment.

25. Plaintiff returned to employment with Hein in 2003, at which point he was assigned to a position as a branch manager at the Menominee Falls sales location

26. In 2010, Plaintiff was transferred to Hein's Brookfield service center where he was assigned to work as a counter salesperson.

27. In 2011, Plaintiff was transferred to Hein's central service center in West Allis, where he was assigned to work in the warehouse. While employed in the warehouse, Plaintiff was compensated on an hourly basis rather than salary, but his gross income while employed in

4

the warehouse was comparable to his income levels while employed as a branch manager or counter salesperson.

28. In November of 2013, Plaintiff was transferred to Hein's Oak Creek service center where he was assigned to work as a counter salesperson.

29. While employed as a counter salesperson at its Oak Creek service center, Plaintiff salary ultimately reached about $44,200 per year.

30. On October 2, 2017, Chris Stomming, a sales manager, informed Plaintiff that Hein was terminating his employment. The reason provided to Plaintiff for his termination was the failure of his sales locations to meet projected sales goals. Plaintiff had received no prior notice that his employment with Hein was in jeopardy.

31. 29 U.S.C. § 207(a)(1) provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

32. 29 U.S.C. §§ 211(c) provides:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders there-under. The employer of an employee who performs substitute work described in section 207(p)(3) of this title may not be required under this subsection to keep a record of the hours of the substitute work.

33. 29 U.S.C. § 215(a)(5) provides that it shall be unlawful "to violate any of the provisions of section 211(c) of this title."

34. Wis. Stats. § 103.02, in relevant part, provides:

…. The department shall, by rule, classify such periods of time into periods to be paid for at regular rates and periods to be paid for at the rate of at least one and one-half times the regular rates. Such investigations, classifications and orders shall be made as provided in s. 103.005 and the penalties under s. 103.005 (12) shall apply to and be imposed for any violation of ss. 103.01 to 103.03….

35. Wis. Stats. § 104.09 provides:

Each employer shall keep a record of the names and addresses of all student learners and employees, the hours of employment and wages of each, and such other records pertaining to ability as the department requires, except that an employer is not required to keep a record of the hours of employment of an employee who is exempt under rules promulgated by the department from the requirement under s. 103.02 that an employee be paid overtime compensation, as defined in s. 103.025 (1) (c), and who is not compensated on an hourly rate basis.

36. Wis. Stats. § 109.03, in relevant part, provides: "Every employer shall as often as monthly pay to every employee engaged in the employer's business, except those employees engaged in logging operations and farm labor, all wages earned by the employee to a day not more than 31 days prior to the date of payment."

37. Wis. Admin. Code § DWD 272.10, in relevant part, provides: "An employer shall state clearly on the employee's paycheck, pay envelope, or paper accompanying the wage payment the number of hours worked, the rate of pay and the amount of and reason for each deduction from the wages due or earned by the employee…."

38. Wis. Admin. Code § DWD 272.11(1) provides: "Every employer shall make and keep for at least 3 years payroll or other records for each of their employees which contain: …. (d) Time of beginning and ending of work each day. …. (f) Total number of hours worked per day and per week."

39. Wis. Admin. Code § DWD 274.03 provides: "Except as provided in s. DWD 274.08, each employer subject to this chapter shall pay to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week."

40. Wis. Admin. Code § DWD 274.06 provides:

Except as provided in s. DWD 274.08, each employer shall keep permanent records for at least 3 years, available for inspection and transcription by a duly authorized deputy of the department, showing the name and address of each employee, the hours of employment and wages of each and such other records as the department may require.

## **COUNT I - FLSA**

41. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

42. By requiring branch managers and counter salespersons to regularly work 45 hours per week while employing them on a salaried basis with no additional compensation, Hein willfully declined to compensate employees for their hours worked in excess of forty hours in a single work week.

43. Additionally, by regularly requiring branch managers and counter salespersons to attend company meetings after normal work hours, Hein again willfully declined to compensate employees for their hours worked in excess of forty hours in a single work.

44. Defendant thereby violated 29 U.S.C. § 207(a)(1).

## **COUNT II - FLSA**

45. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. Hein has systematically and willfully declined to keep any records of the actual hours worked by branch managers and counter salespersons.

7

47. Defendant thereby violated 29 U.S.C. §§ 211(c) and 215(a)(5).

## COUNT III - WISCONSIN WAGE PAYMENT LAWS

48. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

49. By requiring branch managers and counter salespersons to regularly work 45 hours per week while employing them on a salaried basis with no additional compensation, Hein willfully declined to compensate employees for their hours worked in excess of forty hours in a single work.

50. Additionally, by regularly requiring branch managers and counter salespersons to attend company meetings after normal work hours, Hein again willfully declined to compensate employees for their hours worked in excess of forty hours in a single work.

51. Defendant thereby violated Wis. Stats. §§ 103.02 and 109.03 as well as Wis. Admin. Code § DWD 274.03.

## COUNT IV - WISCONSIN RECORD-KEEPING LAWS

52. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

53. Hein has systematically and willfully declined to keep any records of the actual hours worked by branch managers and counter salespersons.

54. Defendant thereby violated Wis. Stats. § 104.09 and Wis. Admin. Code §§ DWD 272.10, 272.11(1), and 274.06.

## CLASS ALLEGATIONS

55. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were employed by Hein Electric Supply, Inc. as a counter salesperson or branch manager, (c) between June 7, 2015 and June 7, 2018, inclusive.

56. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

57. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions include, but are not limited to: (a) Whether Defendant maintained a common practice of unlawfully failing to pay overtime compensation to Plaintiff and other members of the putative class in violation of and within the meaning of 29 U.S.C. 207(a)(1), Wis. Stat. § 103.02, and Wis. Admin. Code § DWD 274.03; (b) Whether Plaintiff and class members are exempt from overtime compensation under the FLSA or Wisconsin Law; (c) The nature and amount of compensable work performed by Plaintiff and class members; (d) Whether Hein employed Plaintiff and class members within the meaning of the FLSA and Wisconsin law; (e) Whether Hein failed to keep adequate records of the hours worked by Plaintiff and other class members.

58. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

59. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

60. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

61. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 7, 2018

          **ADEMI & O'REILLY, LLP**

By: /s/ Ben J. Slatky\_
Shpetim Ademi (SBN 1026973)
Robert O'Reilly (SBN 1027032)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
Phone No.: 414-482-8000
Fax No.: 414-482-8001
sademi@ademilaw.com
roreilly@ademilaw.com
bslatky@ademilaw.com

10